In re Carl J. KIRBY, a/k/a Carl Junius Kirby, a/k/a Carl J. Kirby d/b/a E–Z Sales & Rental, E–Z Mart & Deli and Kirby Outdoor Power, Debtor.

In re LAKE WOODS RECREATIONAL CAMPGROUND, INC., formerly Lake Woods RV Park, Inc., Debtor.

Leroy NEWLIN, Plaintiff,

v.

Carl J. KIRBY, a/k/a Carl Junius Kirby, a/k/a Carl J. Kirby, d/b/a Easy Sales and Rental, Easy Mart and Deli, and Kirby Outdoor Power; and Lakewoods Recreational Campground, Inc., Defendants.

Bankruptcy Nos. 3–83–00051, 3–83–00059. Adv. No. 3–83–0456.

United States Bankruptcy Court, E.D. Tennessee.

Oct. 4, 1983.

Kizer & Black, Christopher Ralls, Maryville, Tenn., for plaintiff.

Morrison, Morrison & Morrow, P.A., Thomas H. Dickenson, Knoxville, Tenn., for defendant Kirby.

Robertson, Williams, Ingram, Faulkner & Overbey, J. Douglas Overbey, Knoxville, Tenn., for Stephen Zachary, trustee in bankruptcy for defendant Lakewoods Recreational Campground, Inc.

Goddard & Gamble, Carl P. McDonald, Maryville, Tenn., for Leon Steinberg, trustee in bankruptcy for defendant Kirby.

## MEMORANDUM ON MOTION PERTAINING TO PRE–TRIAL ORDER

CLIVE BARE, Bankruptcy Judge.

The question before the court involves the pre-trial order which the court requested the parties to prepare. According to plaintiff Newlin it is impossible to submit a pre-trial order conforming to the court's request until a determination is made respecting the forum in which plaintiff's materialman's action should proceed.

### I

Carl J. Kirby filed his voluntary chapter 11 bankruptcy petition on January 14, 1983. He voluntarily converted to chapter 7, and an order for relief was entered by the court on February 1, 1983. Leon Steinberg was appointed as trustee for Kirby's bankruptcy estate.

On January 17, 1983, a voluntary chapter 7 bankruptcy petition was filed on behalf of Lake Woods Recreational Campground, Inc. The Lake Woods petition is signed by "Carl J. Kirby, president." Stephen C. Zachary is the trustee in bankruptcy for Lake Woods.

On May 16, 1983, plaintiff filed his complaint requesting modification of the automatic stay, 11 U.S.C.A. § 362(a) (1979), in each debtor's case, permitting continuation of his pending state court action to impress a materialman's lien on a tract of property in which Kirby formerly owned an interest. Although plaintiff alleges that no interest in the tract is claimed by either debtor, he also alleges that the former interest of either debtor in the property is subject to being brought back within their respective estates. Further, plaintiff avers that his claim against Kirby is nondischargeable; that the court should deny Kirby's general discharge; that the Blount County Circuit Court has previously found Kirby in willful contempt, fining him $50.00 and sentencing him to ten days in jail, for removing, or causing to be removed, items which could be used to satisfy plaintiff's claim. In material part, plaintiff requests the court to modify the automatic stay against both debtors to permit him to proceed in rem and enforce his lien claim. Additionally, plaintiff asks the court to further modify the stay to allow him to proceed in personam against Kirby in the event the court either denies Kirby's discharge or determines plaintiff's claim is nondischargeable.

Kirby denies that he is indebted to the plaintiff; he asserts that plaintiff's contract was with Lake Woods. Further, Kirby asserts modification of the stay should not be

considered unless the trustees in both bankruptcy cases report modification will not hinder performance of their duties.

A pre-trial conference attended by all parties in interest with the exception of Leon Steinberg, Kirby's trustee, was held on June 15, 1983. The court determined that an agreed order modifying the stay to permit the continuation of plaintiff's pending materialman's action should be prepared by plaintiff's counsel and the debtors' trustees. A proposed order conforming to the court's pretrial conference request has been signed by all parties in interest with the exception of Steinberg.

Instead of assenting to the continuation of plaintiff's state court materialman's action, on July 11, 1983, Steinberg commenced a separate adversary proceeding (Adv.Proc. No. 3–83–0728), against several defendants, requesting in part the return to the estate of Kirby's interest in the property upon which plaintiff Newlin seeks to impress a materialman's lien. Steinberg alleges that the disputed property is owned as tenants in common by three or four named individuals, one of whom is George W. Kirby, Sr., the brother of Carl J. Kirby. According to Steinberg, the property in question is subject to a deed of trust and five separate materialmen's lien claims, including plaintiff Newlin's. Steinberg asks this court to determine the validity of all of the materialmen's lien claims against the controverted property.

On August 17, 1983, plaintiff filed a motion requesting the court to schedule a hearing on the entry of a pre-trial order in the instant case on October 4, 1983, the scheduled date of the pre-trial conference in the Steinberg adversary proceeding referred to hereinabove.

## II

Section 1471(d) of Title 28 of the United States Code enacts in relevant part:

> Subsection (b) or (c) of this section does not prevent ... a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C.A. § 1471(d) (Supp.1983).

Plaintiff's pending state court action (Blount County Circuit Court No. E–8446) was commenced during June 1982. On or about December 21, 1982, plaintiff's state suit was consolidated with an action commenced on November 5, 1982, by Walker's Truck Contractors Inc., which also claims a laborer's and materialman's lien against the same property which plaintiff seeks to encumber. Walker's Truck Contractors, Inc. is a defendant in the adversary proceeding commenced by trustee Steinberg and apparently does not oppose determination of its claim in this court. Plaintiff Newlin, on the other hand, contends that his claim should be determined in his state court action, in the interest of judicial economy and a timely resolution of his claim. However, the stage of progression of plaintiff's state court suit is not apparent from the pleadings or otherwise.

The property at issue is not presently property of either debtor's estate. Although Steinberg may succeed in recovering Kirby's former interest in the disputed tract,[1] the recovery will be limited to Kirby's interest as a tenant in common of the property. Plaintiff Newlin's materialman's claim is unquestionably a matter of state law which the state court is certainly competent to adjudicate. Absent evidence of dormancy of plaintiff's pending state suit,[2] it is appropriate for the court to abstain from adjudicating plaintiff's materialman's claim. Furthermore, a pre-trial order incorporating the substantive provisions of the proposed order agreed upon by all parties with the exception of Steinberg shall be entered by the court.

---

1. Carl J. Kirby apparently conveyed his interest in the subject tract by a warranty deed, dated July 14, 1982, to George W. Kirby, Sr., his brother. However, this deed was not recorded until February 1, 1983, after the filing of Kirby's bankruptcy petition.

2. See *In re Lafayette Radio Electronics Corp.,* 8 B.R. 973 (Bkrtcy.E.D.N.Y.1981).